JOHN O. HAMMOND AND ERASTUS L. HAMMOND v. JACOB BAKER.

*Service.*

The return of service endorsed upon a declaration recited that the sheriff "served the declaration of which the within is a true copy" * * by delivering, etc, "a true copy thereof, and of the foregoing complaint and the notice relating thereto." *Held* that the use of the word "complaint" was an immaterial error and did not affect the showing of due service.

The sheriff certified "that on the 9th day of Sept., 1876, he served the declaration of which the within is a copy on John O. Hammond, and on the 11th day of Sept., 1876, he served on the defendant, Erastus L. Hammond, * * by delivering to said defendant," etc. *Held* that as the entire return clearly showed that service was made on both defendants, the omission to add the letter s to the word "defendant" did not fatally affect it.

Error to Kent. Submitted Oct. 16. Decided Oct. 29.

ASSUMPSIT. Defendants bring error.

*Stuart & Sweet* for plaintiffs in error.

*Shaw & Wood* for defendant in error.

MARSTON, J. Suit was commenced by declaration to recover upon a promissory note, default was entered and made absolute, and judgment rendered for plaintiff which is brought here upon writ of error.

The objections urged are that no copy of the note was served upon either of the defendants; no notice of the rule to plead was served upon either of them; and that it is doubtful whether the declaration was legally served upon either of the defendants.

On turning to the record we find a declaration upon the common counts, filed August 14th, 1876, as commencement of suit, with a copy of the note given thereon and a rule to plead entered on the same day. The sheriff makes and endorses upon a copy of the declara-

tion his return that he "served the declaration of which the within is a true copy," * * by delivering, etc., "a true copy thereof, and of the foregoing complaint and the notice relating thereto." The copy of the declaration upon which this return was made, had the usual notice endorsed thereon that a rule had been entered, and requiring the defendants to appear and plead thereto. The return of the sheriff that he served a true copy of the declaration "and of the foregoing complaint, and the notice relating thereto," could mislead no one. The word *complaint* was evidently a mistake.

We have noticed the criticism of counsel as to its being doubtful whether the declaration was served upon either of the defendants, but we fail to see any force in what is said. He certifies "that on the 9th day of Sept., 1876, he served the declaration of which the within is a copy, on John C. Hammond, and on the 11th day of Sept., 1876, he served on the defendant, Erastus L. Hammond * * by delivering to said defendant" etc. It is said that the word "defendant" as here used in the singular number, refers to Erastus L., and that there is therefore nothing in the return showing the manner of service upon John C. The failure of the sheriff to add the letter "s" to the word "defendant" does not, when the entire return is examined, leave the question in any uncertainty. It is clear from the return that service was made upon both the defendants at the respective dates given.

Upon the whole we think the objections made are frivolous and that the judgment must be affirmed with costs.

The other Justices concurred.